UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY JOHNSON, | ) |  |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-91 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of coram nobis. For the reasons set forth below, the petition will be denied.

## Background

On September 1, 2009, defendant pleaded guilty to possession with intent to distribute five grams or more of cocaine base (Crack) (Count I). On November 24, 2009, the Court sentenced defendant to a total term of 60 months imprisonment and four years supervised release. Although petitioner failed to file either a direct appeal of his sentence or a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, petitioner has twice filed motions in his criminal case to reduce his sentence pursuant to the Amendments to the United States Sentencing Guidelines. See U.S. v. Johnson, 4:09-CR-168 CAS (E.D. Mo.). On both occasions, petitioner's motions for reduction in sentence were denied.

Petitioner filed the instant petition for writ of coram nobis on January 13, 2012. Petitioner argues that his Constitutional rights were violated when a "faulty" search warrant was issued by the Honorable David D. Noce in his underlying criminal case. Petitioner asserts that because the search warrant was "faulty," the premises at which petitioner was found in possession of cocaine were the

subject of a warrantless search, and any evidence seized in that search should not have been used against him, or should have been excluded from, his underlying criminal proceedings.

As a basis for his claim that the search warrant was "faulty," petitioner asserts that Judge Noce erred when he issued an order correcting a clerical error pertaining to a mistaken date placed on the search warrant. In the April 1, 2009 Order, attached by petitioner to his application for writ of coram nobis, Judge Noce states:

> Before the court is the *ex parte* motion of the United States (Doc. 7) to correct an inadvertent error in the date affixed to certain documents filed in this search warrant action. The undersigned has reviewed the record of the court in this matter, including the office log of pre-indictment criminal proceedings. On February 5, 2009, Drug Enforcement Administration Task Force Officer Gary Wuest first appeared before the undersigned to apply for and he received a search warrant for 10023 Chardin Way, Apartment 4, St. Louis County, Missouri 63128. On the original application and affidavit document signed by the officer and the undersigned, and on the search warrant signed by the undersigned on February 5, 2009, the date "January 5, 2009" was incorrectly typed in to record the date each said document was signed. Therefore, to correct the record with respect only to the date on which these proceedings occurred,
>
> IT IS HEREBY ORDERED that the Clerk of the Court correct all related court documents filed in this action as set forth above, especially the application and affidavit of the officer, the search warrant signed by the undersigned, the copy of the search warrant on which the return was made on February 11, 2009, and the clerk's minute entries of this action, all to reflect that the original documents described above were signed on February 5, 2009 and not January 5, 2009.

In re: Search Warrant for 10023 Chardin Way, No. 4:09-MJ-34 DDN (E.D. Mo.), Order of April 1, 2009.

According to plaintiff, the search warrant was executed by the DEA Task Force on February 6, 2009, at approximately 2:30 p.m. Plaintiff was found to be in possession of cocaine base.

## Discussion

Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). "[T]he All Writs Act is a residual source of authority to issue writs that are not

2

otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). Coram nobis is an "extraordinary remedy," and should only be used in extraordinary circumstances. Kerr v. United States Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 403 (1976).

Coram nobis is not intended to be a substitute for proceedings brought pursuant to 28 U.S.C. § 2255. See United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000); United States v. Morgan, 346 U.S. 502, 511 (1954). In fact, a writ of coram nobis is available only when the applicant is not in custody. United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). Petitioner is currently being held at the Beaumont Federal Correctional Institution in Beaumont, Texas. As such, coram nobis proceedings are not the appropriate vehicle to bring his arguments to this Court.

There is no doubt that petitioner could have attempted to raise the aforementioned issues in a timely-filed motion to vacate brought pursuant to 28 U.S.C. § 2255, whether as a direct challenge under the Fourth Amendment or as an ineffective assistance of counsel claim under the Sixth Amendment. See, e.g., Baranski v. United States, 515 F.3d 857, 860 (8th Cir. 2008) (noting that a federal prisoner may bring a Fourth Amendment claim under § 2255). However, as petitioner was sentenced on November 24, 2009, and did not file a direct appeal of his sentence, his time for filing a motion to vacate under § 2255 expired on or about December 4, 2010. See 28 U.S.C. § 2255(f)(1); Fed. R. App. Proc. 4(b)(1). Thus, he is now time barred from bringing such a claim. And petitioner cannot avoid the procedural restrictions imposed on a § 2255 motion by simply labeling the motion as a petition for writ of error coram nobis. Trenkler v. United States, 536 F.3d 85, 97-99 (1st Cir.

2008). As the claims in the instant petition could have been raised on direct appeal or in a § 2255 motion, the petitioner is not entitled to a writ of coram nobis.

Additionally, petitioner has failed to overcome the presumption that the underlying proceedings were correct. In the underlying criminal action, Judge Noce explained, by written Order, that the date change was a result of a clerical error by Court staff. Thus, the search warrant was actually signed on February 5, 2009 and executed on February 6, 2009. Petitioner has failed to explain how the warrant was "stale" or "faulty" when it was executed only one day after it was issued. Moreover, the Court finds that the warrant was valid as issued, and that even if there was a violation of petitioner's Fourth Amendment rights during the issuance of the warrant, the exclusionary rule is inapplicable in these circumstances. See, e.g., United States v. Leon, 468 U.S. 897, 919-20 (1984) (exception to use of exclusionary rule where searching officer executes defective search warrant in "good faith"); Arizona v. Evans, 514 U.S. 1, 14 (1995) (exception to exclusionary rule for clerical errors by court employees); Herring v. United States, 555 U.S. 135, 137 (2009) (exception to exclusionary rule applies even when clerical or record-keeping error is engaged in by police personnel).

As a result, petitioner has failed to show that he was denied a fundamental right, and the petition will be denied without further proceedings. Because no filing fee is required for either a coram nobis matter or a § 2255 motion to vacate, petitioner's motion to proceed in forma pauperis will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of coram nobis is **DENIED**. [Doc. 1]

4

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **DENIED** as moot. [Doc. 2]

A Judgment will be filed with this Memorandum and Order.

CHARLES A. SHAW
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of February, 2012.